THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALFREDO MATIAS, Defendant-Appellant.

First District (4th Division)    No. 77-88

Opinion filed January 19, 1978.

James J. Doherty, Public Defender, of Chicago (Judith A. Stewart, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

Following a bench trial on April 19, 1976, the defendant, Alfredo Matias, was convicted of possession of marijuana, less than 30 grams, and sentenced to one year probation and fined $200 plus $10 costs. Through his attorney, the public defender of Cook County, notice of appeal was filed.

On September 30, 1977, the public defender filed a petition for leave to withdraw as counsel for the defendant. The petition is supported by a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396, in which the public defender states the only issues which can possibly be raised on appeal are whether the defendant's motion to suppress evidence should have been granted, whether the defendant should have been discharged under the speedy-trial 160-day rule (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(b)), whether the defendant was proven guilty beyond a reasonable doubt and whether the sentence imposed was excessive. The public defender concluded an appeal on these issues would be without merit and in his judgment the record contains no issues that would support an appeal.

Copies of the motion, petition and brief filed by the public defender were mailed to the defendant on November 4, 1977. The defendant was informed he had until January 3, 1978, to file any points he might choose in support of his appeal. The defendant was advised further that this court would make a full examination of all proceedings and would decide if the appeal failed to have any merit. If so, the defendant was informed this court would grant the public defender's request to withdraw and thereupon, this court would affirm the judgment. This court also indicated to the defendant that if the court found any legal point that was raised to be arguable on its merits, other counsel would be appointed for the defendant before this court proceeded further with this appeal.

The defendant has failed to file any response to the notifications and communications sent to him.

After a careful review of the entire record, we agree with the public defender the only conceivable arguments which can be raised on appeal were raised in the public defender's brief in support of his petition to withdraw.

■■■ We find the record conclusively reveals the defendant's motion to suppress was properly denied, the defendant's motion for discharge under the speedy-trial 160-day rule was properly denied, the State carried out its burden of proving the defendant guilty beyond a reasonable doubt and the sentence imposed was not excessive.

As disclosed by the record and as set forth in the brief of the public defender, the evidence indicates that on the date of the defendant's trial, defendant's counsel presented a motion to suppress evidence. Defendant testified that on May 11, 1974, he was arrested by Officer John Rice and charged with possession of marijuana. Certain items were taken from him. Matias was not committing a crime and the officer had no warrant for his arrest.

Officer John Rice testified that on the date in question he went to a tavern on North Avenue with four other officers. They had acted on a tip received a few hours earlier from an unnamed informant, who had previously given information leading to arrests and convictions. The informant said the defendant would be on the premises selling marijuana and cocaine.

As the officer entered the tavern, he observed the defendant at the rear of the premises. As he walked toward the defendant, the defendant dropped a plastic bag on the floor. Inside the bag were five handrolled cigarettes and a crushed green substance. More marijuana was found other than that in the plastic bag found next to the defendant. A weapon, not belonging to the defendant, was also found.

Officer Rice also testified that $630 was recovered from the defendant's person.

Defendant's counsel challenged the reliability of the informant, but the court ruled the officer had been in a public place, a tavern, and had seen the defendant drop the marijuana, and the reliability of the informant was not in issue. The court then denied the motion to suppress.

Defendant's attorney made a motion for discharge under the speedy-trial 160-day rule, but after computation by the court, defendant's attorney and the state's attorney, the motion was denied.

The parties then proceeded to trial. A chemical analysis of the substance as marijuana was stipulated to.

Officer Rice's testimony on the motion to suppress was stipulated to.

The defendant took the stand and testified in his own behalf that he did

not throw a bag of marijuana cigarettes on the ground. He further testified the officers pushed in without identifying themselves, and $830 was taken from him.

After the trial, the defendant was found guilty and sentenced to one year probation and fined $200 with $10 costs.

In *People v. Di Nunzio* (1975), 33 Ill. App. 3d 697, 338 N.E.2d 457, the court held a motion to suppress was improperly granted where an investigator saw slot machines in an alcove of a beauty shop which was open to the public. In the case at bar the ruling of the trial court denying defendant's motion to suppress was correct. Once the officers saw the defendant drop the bag with the plant-like substance, they had the right to seize the substance, inspect it and subsequently arrest the defendant. The bar was open to the public and the officers' reason for entry was not in issue.

■■ When the evidence is conflicting, it is the duty of the jury, or of the court sitting without a jury, to determine the credibility of the witnesses and the weight to be given their testimony. (*People v. Coulson* (1958), 13 Ill. 2d 290, 149 N.E.2d 96.) A reviewing court will not substitute its judgment for that of the jury or trial court (see *Coulson*), unless it clearly appears there is reasonable doubt of the defendant's guilt. (*People v. Guido* (1962), 25 Ill. 2d 204, 184 N.E.2d 858.) Here, the testimony of the State's witnesses was credible in that it was positive on all material matters, unshaken on cross-examination, and was not so unreasonable or improbable as to be unworthy of belief (see *Guido*).

As to the defendant's sentence, the defendant had a prior conviction for possession of marijuana. His sentence of one year probation and a $200 fine is well within the statutory limits and is not excessive.

The petition of the public defender to withdraw as counsel for the defendant is allowed and the judgment of the circuit court of Cook County is hereby affirmed.

Affirmed.

JOHNSON, P. J., and LINN, J., concur.