THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. DAVID L. GREEN, Defendant-Appellee.

Third District    No. 3—86—0345

Opinion filed March 26, 1987.

John A. Barra, State's Attorney, of Peoria (Terry A. Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Kenneth D. Brown, of State Appellate Defender's Office, of Ottawa, for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

Defendant, David Green, was arrested for the unlawful use of weapons and failing to have a firearm owner's identification card. The defendant filed a motion to quash his arrest and to suppress evidence seized from him. The motion was granted. The State appeals the trial court's order granting the motion. We reverse.

Pursuant to a radio dispatch, Peoria police officers George Wetterow and Tom Larson met a stopped bus. The bus driver told the officers that three young men in the back of the bus had been smoking marijuana. The officers requested that the three men exit the bus, which they did. After they were off of the bus, each officer searched one of the men. The defendant ran away and into a department store one block from the scene. One of the officers chased him into the store and observed the defendant coming out of the men's restroom. The officer stopped the defendant and accompanied him back into the restroom, where a handgun was retrieved from a trash can. Following Miranda warnings, the defendant was searched and two bullets were discovered in his pocket.

At the hearing on the defendant's motion to quash the arrest and suppress the evidence, the State argued that the officers were engaged in an investigatory stop of the individuals on the bus and were patting down the men for their own safety prior to questioning. The State asserted that the investigation of the store restroom was appropriate since the officer had witnessed the defendant emerge from it following his flight from the scene.

The defendant argued that the stop was improper because no basis existed to believe that a crime had been committed. The defendant asserted that the pat search and investigation of the restroom was illegal.

By written order on May 13, 1986, the trial judge held that probable cause was required to stop the bus. Further, he found no probable cause in the instant case because there was no evidence in the case to establish that the bus driver had any knowledge or experience in recognizing the odor of marijuana. The trial judge granted the motion to quash the arrest and suppress the evidence concerning the gun and bullets.

■ In order to make a lawful investigatory stop, the police need not have probable cause. (*Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868.) In order to stop and question an individual,

an officer must have knowledge of sufficient articulable facts at the time of an encounter to create a reasonable suspicion that the person in question has committed or is about to commit a crime. See *People v. Smithers* (1980), 83 Ill. 2d 430, 415 N.E.2d 327.

In *People v. Miller* (1976), 36 Ill. App. 3d 542, 345 N.E.2d 1, the court held that when a tip came from a person who had never before furnished information to the police, the usual requirement of prior reliability (the "substantial basis") which is required when police act upon tips from professional informers, did not apply to information supplied by ordinary citizens. Information from a private citizen is presumptively reliable. (*People v. Jones* (1983), 119 Ill. App. 3d 615, 456 N.E.2d 926.) It is clear that the information supplied to the police by the bus driver was sufficient to demand an investigation by the police.

The combination of all the facts and circumstances known to the police officer at the time of the bus stop supported a reason to believe on his part that the defendant was committing a crime. Beyond this, the defendant's flight from the police officer after he disembarked the bus would indeed be considered sufficient to justify a belief by a person of reasonable caution that the defendant was committing or had committed an offense. (*People v. Scarpelli* (1980), 82 Ill. App. 3d 689, 402 N.E.2d 915, *cert. denied* (1981), 450 U.S. 915, 67 L. Ed. 2d 340, 101 S. Ct. 1357, *rehearing denied* (1981), 451 U.S. 933, 68 L. Ed. 2d 319, 101 S. Ct. 2009.) Flight at the approach of law officers is a strong indication of *mens rea* with specific knowledge on the part of the officer relating the suspect to the evidence of crime; it is a proper factor to be considered in the decision to make an arrest. *Sibron v. New York* (1968), 392 U.S. 40, 20 L. Ed. 2d 917, 88 S. Ct. 1889.

We find that the circumstances justified the stop of the bus under the standards enunciated in *Terry*. Further, the defendant's flight in the face of officers approaching, under the *Terry* rule, supplied the additional matter needed to constitute probable cause. The subsequent discovery of the gun in the store restroom was legally valid. Police officers may seize items found in plain view in public places. (*People v. Matias* (1978), 57 Ill. App. 3d 36, 372 N.E.2d 978.) The restroom was open to the public and the officer had cause to enter it. Furthermore, the defendant had abandoned the gun in a location accessible to the public; he therefore had no basis upon which to object to the search.

Following the discovery of the gun, the totality of the circumstances justified an arrest of the defendant. The bullets found in his

pockets were located incident to a lawful arrest. *People v. Hoskins* (1984), 101 Ill. 2d 209, 461 N.E.2d 941, *cert. denied* (1984), 469 U.S. 840, 83 L. Ed. 2d 81, 105 S. Ct. 142.

Summarily, we find that the trial judge's order granting the motion to quash the arrest and suppress the evidence was based upon an erroneous understanding of the law. The proper application of the law to the facts in the instant case establishes that the stop and search was valid. We therefore reverse the order of the circuit court of Peoria County.

Reversed and remanded.

HEIPLE and STOUDER, JJ., concur.